IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TAD ALAN PATTERSON**,

        Plaintiff,

v.

**JANET YELLEN**, *in her official capacity*,

        Defendant.

**Case No. 6:23-cv-01177-MC**

**ORDER**

**MCSHANE, Judge:**

On August 11, 2023, pro se plaintiff Tad Alan Patterson ("Plaintiff") filed his third lawsuit against a state or federal government based on a sovereign citizen legal theory.[1] In this case, Plaintiff alleges that he is the "Grantor in Original Jurisdiction and Beneficiary of the resultant Tad Alan Patterson Trust." Compl. 1, ECF No. 1. As "Beneficiary" of the trust, Plaintiff makes a claim for the Court to order Secretary of the Treasury Janet Yellen ("Defendant") "to reveal the true identity of the proper Trustee and compel Trustee to act immediately on behalf of the Beneficiary by performing a full accounting of the trusts that falls to the portion of Beneficiary and provide method of making claim upon and to receive delivery of the assets and proceeds from the trust(s)." Compl. 4. Plaintiff offers a copy of his birth certificate as evidence of the trust's existence. Compl. Ex. 1, at 45. Defendant now moves to dismiss for lack of jurisdiction. Def. Mot., ECF No. 6.

---

[1] *See Patterson v. United States*, 809 F. App'x 1008 (Fed. Cir. May 13, 2020), *aff'g Patterson v. United States*, No. 19-843T, 2019 WL 4053952 (Fed. Cl. Aug. 27, 2019) (dismissing for lack of subject matter jurisdiction); *Patterson v. Or. Dep't Revenue, et al.*, Case No. 6:16-cv-01344-JR, 2016 WL 5376299 (D. Or. Aug. 10, 2016), *findings and recommendation adopted*, 2016 WL 5340517 (D. Or. Sept. 23, 2016) (dismissing for lack of subject matter jurisdiction).

1 –ORDER

## DISCUSSION

Sovereign citizens believe that they are their own sovereigns and not United States citizens despite their in-country birth and residence. *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). Many sovereign citizens subscribe to the "redemptionist" theory and claim they are owed money based on the issuance of their birth certificates. *See id*.

> [T]he "Redemptionist" theory propounds that a person has a split personality: a real person and a fictional person called the "strawman." Redemptionists claim that by documents such as birth certificates and social security cards, the government created strawmen out of its citizens. Through these strawmen "contracts," individuals unknowingly pledge themselves and their property, through their newly created fictitious entities, as security for the national debt in exchange for the benefits of citizenship. However, Redemptionists argue the government cannot hold the profits it makes from this use of its citizens and their property in the general fund of the United States, because doing so would constitute fraud, given that the profits technically belong to the actual owners of the property being pledged (i.e., the real people represented by the fictitious entities). Therefore, the government holds the profits in "secret, individual trust accounts," one for each citizen. To collect the money held by the United States in the "secret, individual trust account," sovereign citizens employ the process known as "redemption."

*Caetano v. Internal Revenue Serv.*, No. 22-cv-00837-JLT, 2023 WL 3319158, at *3 (E.D. Cal. May 9, 2023), *report and recommendation adopted*, 2023 WL 4087634 (E.D. Cal. June 20, 2023) (internal citations omitted).

Defendant argues Plaintiff has failed to establish the Court's jurisdiction over this suit. Def's Mot. 5. The Court agrees. "Federal courts are courts of limited jurisdiction" and "are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citations and quotations omitted) (cleaned-up).

Procedurally, Plaintiff has failed to allege the existence of a secret, individual trust based on the issuance of his birth certificate. It would "strain[] all logic and reason" for the Court to believe so. *Gravatt*, 100 Fed. Cl. at 288. But Plaintiff's claim also fails as a matter of substance. Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Chiu v. President of the United States*, No. 2:23-cv-01199-DJC-CKD PS, 2023 WL 7004887, at *1 (E.D. Cal. Oct. 24, 2023) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). Every federal court has rejected claims based on sovereign citizen arguments and ideology as frivolous. *See United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument"); *see also Bendeck* v. *U.S. Bank Nat's Ass'n*, No. 17-00180 JSM-RLP, 2017 WL 2726692, at *5 (D. Haw. June 23, 2017) (explaining that courts across the country have flatly rejected sovereign citizen and similar theories as frivolous, irrational, and unintelligible) (citations and quotations omitted) (cleaned-up). Because Plaintiff's claims are frivolous, they must be dismissed.

## CONCLUSION

For these reasons, and because leave to amend the Complaint would be futile, the Court DISMISSES this action with prejudice.

IT IS SO ORDERED.

DATED this 7th day of December, 2023.

/s/ Michael McShane
Michael McShane
United States District Judge

3 –ORDER